IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DOUGLAS WAYNE SMITH                                                                PLAINTIFF

v.                                    No. 1:15–CV–042-DPM–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                     DEFENDANT

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for Judge D.P. Marshall Jr. Either party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Douglas Wayne Smith seeks judicial review of the denial of his application for social security disability benefits.[3] Mr. Smith last worked in January 2008, as a mixer for a feed mill.[4] He claims he has been disabled since that time. He bases disability on back problems.[5]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ identified disorder of the back, asthma, and morbid obesity as severe impairments.[6] The ALJ determined that Mr. Smith could do some light work.[7] Because a vocational expert identified available work, the ALJ determined Mr. Smith was not disabled and denied the application.[8]

After the Commissioner's Appeals Council denied a request for review,[9] the

---

[3]SSA record at pp. 207 & 211 (applying on Aug. 3, 2011 and alleging disability beginning Jan. 1, 2008).

[4]*Id*. at pp. 232, 237 & 274.

[5]*Id*. at p. 231.

[6]*Id*. at p. 12.

[7]*Id*. at pp. 13-14 (excluding frequent bending, crouching, or climbing; moderate respiratory irritants; and temperature extremes).

[8]*Id*. at p. 17.

[9]*Id*. at p. 1.

decision became a final decision for judicial review.[10] Mr. Smith filed this case to challenge the decision.[11] This recommended disposition explains why the court should affirm the decision.

**Mr. Smith's allegation**. Mr. Smith challenges the development of the record, arguing that the ALJ should have ordered a mental diagnostic evaluation because he testified he experiences depression. For this reason, he maintains, substantial evidence does not support the ALJ's decision.[12]

**Applicable legal principles**. In reviewing the denial of disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Mr. Smith could do some light work.

---

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 2.

[12]Docket entry # 11.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[14]  The ALJ limited light work by requiring no frequent bending, crouching, or climbing; no moderate respiratory irritants; and no temperature extremes.[15]  The court must determine whether a reasonable mind would accept the evidence as adequate to show that Mr. Smith could work with these limitations.

**A reasonable mind would accept the evidence as adequate because medical evidence shows no disabling symptoms**.  A claimant must prove disability with medical evidence; allegations alone are not enough to prove he is disabled.[16]  Mr. Smith

---

[14] 20 C.F.R. §§ 404.1567(b) & 416.967(b).

[15] SSA record at pp. 13-14.

[16] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

claims his back has prevented him from working since January, 2008,[17] but he sought no medical treatment for his back until July, 2013. At that time, diagnostic imaging showed mild degenerative change at level L1-2.[18] The descriptor "mild" suggests no disabling symptoms. Mr. Smith says he did not seek treatment earlier because he lacked medical insurance, but he sought treatment for other reasons and failed to complain about his back.[19]

The agency physical examiner found mild tenderness in the lower back.[20] Mr. Smith had a full range of motion with some discomfort and a mildly antalgic gait. He could rise from a sitting position without assistance, and could bend and squat with low back discomfort. The examiner reported mild limitations in sitting, walking, and standing due to low back pain, and mild limitations in lifting and carrying due to mild

---

[17]SSA record at p. 30 (when asked what prevented him from working, Mr. Smith testified that his back gets real tight when he stands, sits, or works; his back hurts).

[18]*Id*. at pp. 339-40.

[19]*Id*. at p. 290 (Nov. 4, 2008, mild cellulitis on left knee), p. 291 (Mar. 9, 2009, sinusitis), p. 289 (Mar. 26, 2009, cholesterol check and sinusitis followup), p. 288 (Mar. 29, 2010, boils), p. 292 (May 15, 2009, allergies and sinusitis), p. 287 (Apr. 7, 2010, followup on boils, blood pressure and cholesterol check), p. 307 (Nov. 22, 2011, infected right index finger), p. 311 (Nov. 23, 2011, followup on finger), p. 315 (Nov. 30, 2011, finger followup), p. 319 (Dec. 13, 2011, finger followup), p. 323 (Jan. 4, 2012, finger followup), p. 328 (Feb. 21, 2012, finger followup and infection on chin and great toenail area) & p. 333 (Feb. 25, 2013, finger infection).

[20]*Id*. at p. 281.

to moderate asthma.[21] Agency medical experts limited Mr. Smith to light work involving limited postural functions due to back pain, and limited exposure to pulmonary irritants due to asthma. These restrictions are consistent with the ALJ's requirements.

**No need existed for a mental diagnostic evaluation**. "If sufficient evidence alerts the ALJ to the possibility of a severe mental impairment, the ALJ must further develop the record about mental impairments before ruling on the severity of the claimant's impairment(s)."[22] Mr. Smith argues that the ALJ should have ordered a mental diagnostic evaluation, but the only evidence of mental impairment is Mr. Smith's testimony that he is depressed.[23] Mr. Smith did not base his claim on depression. He sought no mental health treatment. Medical providers observed no signs of depression. In sum, the evidence suggests no severe mental impairment.[24] The

---

[21]*Id*. at p. 282.

[22]*Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012).

[23]SSA record at pp. 40-41.

[24]*Accord Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) ("The mere fact that [the claimant] has been prescribed antidepressants on at least one occasion is not enough to require the ALJ to inquire further into the condition by ordering a psychological evaluation."); *Matthews v. Bowen*, 879 F.2d 422, 424-25 (8th Cir. 1989) (ALJ did not err in evaluating claimant's psychological complaints without ordering a consultative exam; claimant never based disability on mental impairment; she only testified that she suffered from "nerves" and her doctor prescribed an anti-depressant medication; neither consultative physician noted anxiety during their examinations).

ALJ properly relied on the lack of evidence in denying the request for a mental diagnostic exam.[25]

## Conclusion and Recommendation

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Mr. Smith's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 4th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[25]SSA record at p. 15.